Case No. SA CV 20-01998-DOC-JDE        Date: December 16, 2020

Title: ALLAN ARANGO ET AL V. SCHLUMBERGER TECHNOLOGY CORPORATION, ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [12]**

Before the Court is Plaintiff Allan Arango's ("Plaintiff") Motion to Remand Case to Orange County Superior Court ("Motion") (Dkt. 12). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion.

**I.    Background**

This action concerns Plaintiff's putative wage and hour class action brought against Defendant Schlumberger Technology Corporation ("Defendant"). Notice of Removal at ¶ 7, 14. Plaintiff's Complaint alleges five state law causes of action for miscellaneous violations of the California Labor Code and California Business and Professions Code. Compl. at 1. Plaintiff originally filed suit in the Superior Court of California, County of Orange. Dkt. 1-1. Defendant removed this action to federal court on October 16, 2020, citing the Class Action Fairness Act (CAFA) as the jurisdictional basis. *Id*.

## II.     Legal Standard

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court. *See* 28 U.S.C. §§ 1441(a). CAFA provides federal subject matter jurisdiction only if (1) the proposed plaintiff class is not less than 100 members, (2) the parties are minimally diverse, and (3) the aggregate amount in controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2), (6). As with traditional removal, the burden of establishing federal subject matter jurisdiction under CAFA remains with the party seeking removal. *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Where it is not apparent from the face of the complaint, the removing party "must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Id*. at 683. While "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold … [e]vidence establishing the amount is required" where plaintiffs contest the amount in controversy put forth by defendants. *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture . . . ." *Ibarra v. Manheim Investments, Inc*., 775 F.3d 1193, 1197 (9th Cir. 2015).

## III.    Discussion

Defendant argues that CAFA gives this Court jurisdiction over this action. Plaintiff disagrees, arguing that Defendant has failed to meet its burden with respect to establishing the $5 million amount in controversy. Mot. at 3–4.

Defendant argues that the total amount in controversy is $5,255,440, just over the $5 million threshold. Opposition at 19. Defendant's estimate is based in part on its assumption of a 100% violation rate for "the wage statement claim [and]…to argue that every one of the 315 former employees of Defendant are owed waiting time penalties…." Mot. at 3. Defendant further bases its estimates on assumptions of meal period violations for every class member two times per week and rest period deprivation for every class member three times per week. Notice of Removvl at ¶ 21–24.

Courts have been careful not to assume a 100% violation rate in the absence of specific proof. *See Figueroa v. LogistiCare vSols., LLC*, 2020 U.S. Dist. LEXIS 189441 (C. D. Cal. October 10, 2020); *Letuligasenoa v. Int'l Paper Co*., No. 5:13-CV-05272-EJD, 2014 WL 2115246, at *5–6 (N.D. Cal. May 20, 2014) (rejecting application of 100 % violation rate and stating that employing the standard would "improperly shift the

burden to plaintiff to refute speculative assertions of jurisdiction and establish that there is no jurisdiction."). Instead, "the proper approach is to require the removing defendant to point to specific evidence or allegations in the plaintiff's *complaint* that support the use of a 100% violation rate." *Sanchez v. Russell Sigler, Inc.*, 2015 U.S. Dist. *LEXIS* 55667, *15–16 (C.D. Cal. Apr. 28, 2015) (emphasis added).

The Court agrees with Plaintiff that "where, as here, 'a complaint alleges a 'pattern and practice' of labor law violations, a 100% violation rate is unreasonable; the assumed violation rate must be lower.'" Reply at 2 (citing *Bernal v. Serco, Inc.,* 2020 U.S. Dist. LEXIS 203034, at *9 (C.D. Cal. Oct. 29, 2020)). Further, Plaintiffs' Complaint clearly alleges that violations occurred "periodically" rather than 100% of the time. Compl. ¶ 15, 16, 72, 77, 97. The Court thus finds Defendant's amount in controversy calculations to be little more than "speculation and conjecture," and it accordingly lacks jurisdiction over this matter under CAFA. *Ibarra*, 775 F.3d at 1197.

## IV. Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand. The case is remanded to Orange County Superior Court.

The Clerk shall serve this minute order on the parties.